NO. 3070

This opinion holds:

That an order of the commissioners' court
placing the precinct officers of one precinct
in the county on a salary basis and leaving the
other precinct officers of the county on a fee
basis is void and that the precinct officers
who are placed on a salary basis should now be
compensated on a fee basis.

OFFICE OF THE ATTORNEY GENERAL

July 3, 1939

Hon. Leo Presnell
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

Opinion No. O-915
Re: What are the proper steps for a
county to take at this date of
its fiscal year if it has erron-
eously exercised its option on
a salary basis under the provi-
sions of Art. 3912, V. A. C. S.
by placing the precinct officers
of one precinct on a salary basis?

Your request for an opinion on the question as
is stated herein has been received by this office.

Your letter reads in part as follows:

"What would be the proper step or steps
for a county to take at this date of their
fiscal year, which is laboring under a situa-
tion such as expressed in the following state-
ment of facts?

"A county coming under a population bracket
such as to require them to place the county offi-
cials on a salary basis, under Article 3912, R. C.
S. 1925, but leaving it optional upon the part of
the Commissioners' Court of such county to place
precinct officers upon a salary basis or leave them
upon a fee basis, and such county exercises
this option as to precinct officers by plac-
ing the precinct officers of one precinct
within the county upon a salary basis, and
leaving the remaining precinct officers upon
a fee basis, and this option being exercised

as provided in Article 3912e, Sec. 2, where-
in the Commissioners' Court of each county
in the state of Texas, at its first regular
meeting in January of each calendar year,
shall, by order made and entered in the min-
utes of such court, determine whether precinct
officers of such county shall be compensated
upon a salary basis as provided for in this
Act, or whether they shall receive as their
compensation such fees of office as may be
earned by them in the performance of the duties
of their offices."

Section 2 of Article 3912e, R. C. S. reads in
part as follows:

"Sec. 2. The Commissioners' Court of
each county in the State of Texas, at its
first regular meeting in January of each
calendar year, shall, by order made and enter-
ed in the minutes of said court, determine
whether precinct officers of such county
(except public weighers and registrars of
vital statistics) shall be compensated on a
salary basis as provided for in this Act,
or whether they shall receive as their com-
pensation, such fees of office as may be
earned by them in the performance of the duties
of their offices, and it shall be the duty of
the county clerk of each county to forward to
the Comptroller of Public Accounts of the State
of Texas on or before the 31st day of January
a certified copy of such order...."

Section 17, Article 3912e, R. C. S., reads in
part as follows:

"(a) The term 'Precinct Officers' as used
in this Act means justices of the peace and
constables.

"In all counties in this State such pre-
cinct officers shall continue to be compen-
sated for their services on a fee basis until
the Commissioners' Court shall have determined
otherwise in accordance with the provisions of
Section 2 of this Act.

"In counties wherein the Commissioners'
Court shall have determined that precinct offi-
cers shall be compensated on an annual salary
basis, but wherein they have determined that
county officers shall not be so compensated,
the Officers' Salary Fund of said county shall
be composed and made up of fees, commissions
and other compensation collected by the pre-
cinct officers of such county and deposited
in said fund, and such funds as may be trans-
ferred to said fund by the Commissioners'
Court of the county.

"(b) In counties where it shall have been
determined that precinct officers shall be
compensated on an annual salary basis it shall
be the duty of the Commissioners' Court of such

county to fix the salary allowed to such officers. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing August 24, 1935."

Article 3912e, Section 17(b), supra, requires that the compensation, when fixed on a salary basis, shall be paid in twelve equal monthly payments which clearly indicates that the same cannot be changed during the year for which the salary has been legally fixed.

On April 24, 1939, this department in conference opinion No. 3045 held that:

"1. The Commissioners' Court is without authority to place one precinct officer upon a salary basis and leave other officers upon a fee basis. The system must be uniform and the Commissioners' Court must place all of the precinct officers upon a salary basis or leave all upon a fee basis under Salary Law.

"2. Where the Commissioners' Court places a precinct officers of a county upon the salary basis as outlined in the Officer's Salary Law, the Commissioners' Court has no authority to set a precinct officer's salary at less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935 and that the Commissioners' Court has no authority to set a precinct officer's salary at more than the maximum amount allowed such officer under laws existing August 24, 1935."

For your convenience we enclose herewith a copy of conference opinion No. 3045.

You are respectfully advised that it is the opinion of this department that the order of the Commissioners' Court placing the precinct officers of one precinct in a county upon a salary basis and leaving the remaining precinct officers in the county upon a fee basis is void and that the precinct officers of one precinct who are now compensated on a salary basis under a void order of the Commissioners' Court should now be compensated or paid on a fee basis.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AV:AV:jt

ENCLOSURE

Hon. Lee Presnell, Page 4

This opinion has been considered in conference, approved, and order recorded.

/s/ W. F. Moore

W. F. MOORE
FIRST ASSISTANT ATTORNEY GENERAL